# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD GERBER | : | CIVIL NO: 1:14-CV-00674 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| WARDEN WILLIAM CAMPBELL, *et al.*, | : | |
| Defendants | : | |

# **REPORT AND RECOMMENDATION**

In May of 2014, Gerber filed an amended complaint naming three defendants: (1) William Campbell, the Warden of the Columbia County Prison; (2) Corrections Officer Burd; and (3) a first shift nurse, who Gerber could not identify by name. The amended complaint asserts an Eighth Amendment medical claim against defendant First Shift Nurse, but she was not served in this case because Gerber did not identify her. In response to a motion to compel, defendants Campbell and Burd identified defendant First Shift Nurse as Kelly Henry. They asserted, however, that she no longer works at the Columbia County Prison.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without

prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign county under Rule 4(f) or 4(j)(1).

We ordered Gerber to provide, on or before June 17, 2015, an address for Kelly Henry so that the amended complaint can be served on her. Gerber failed to do so.

Because the amended complaint was filed more than 15 months ago and Gerber still has not provided an address so that the amended complaint can be served on defendant First Shift Nurse, we recommend that defendant First Shift Nurse be dismissed from the case. It is further recommended that the case be remanded to the undersigned for further proceedings on the one remaining claim against defendant Campbell.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of September, 2015.

***S/Susan E. Schwab***
Susan E. Schwab
United States Magistrate Judge