IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD GERBER,** | : | CIVIL ACTION NO. 1:14-CV-674 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **WARDEN WILLIAM CAMPBELL,** *et al.*, | : | |
| **Defendants** | : | |

# ORDER

AND NOW, this 30th day of September, 2015, upon consideration of the report (Doc. 27) of Magistrate Judge Susan E. Schwab, recommending the court dismiss defendant First Shift Nurse, identified by defendants as Kelly Henry, for failure to serve pursuant to Federal Rule of Civil Procedure 4(m), see FED. R. CIV. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."), and following an independent review of the record, the court in agreement with Judge Schwab that said defendant should be dismissed pursuant to Rule 4(m),[1] and it appearing that plaintiff neither objected to the report nor

---

[1] Following the identification of defendant First Shift Nurse as Kelly Henry by the defendants, on June 17, 2015, Judge Schwab issued an order directing plaintiff to provide an address for Henry so that she could be served, warning that failure to provide an address may result in dismissal pursuant to Rule 4(m). Judge Schwab's report, filed September 9, 2015, echoes this warning to plaintiff. Hence, the court has twice provided plaintiff the notice required by Rule 4(m).

complied therewith, and that there is no clear error on the face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that the failure to timely object "may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 27) of Magistrate Judge Schwab is ADOPTED.

2. Defendant First Shift Nurse, identified by defendants as Kelly Henry, is DISMISSED from the above-captioned action without prejudice.

3. This matter is REMANDED to Magistrate Judge Schwab for further pretrial management.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the Magistrate Judge's report in accordance with this Third Circuit directive.